### VILLHAUER v. GROSS.

(Supreme Court, Appellate Division, Second Department.   April 22, 1910.)

1. CONTRACTS (§ 354*)—ACTIONS—INCONSISTENT FINDINGS.

A finding that a building contractor had completely performed the contract and a finding that he had substantially performed are inconsistent on their face.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 354.*]

2. CONTRACTS (§ 354*)—FINDINGS—SUFFICIENCY.

A finding that a building contractor had substantially performed the contract, without finding the items omitted from the performance, the circumstances of the omission, or their value, is insufficient in form, because of the failure to show that the items omitted were so minor, as compared with the entire contract, as not to defeat a claim of substantial performance, or to show which of the items in dispute were considered as not performed, or what amount was allowed for the respective items for non-performance found.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 354.*]

3. CONTRACTS (§ 280*)—BUILDING CONTRACTS—CONSTRUCTION.

A contract for the erection of a building on sloping ground, higher in the front than in the rear, which stipulates that the foundation wall shall be four feet below the ground, is not complied with where the foundation in the rear is placed on the surface of the ground, and the contractor, by filling, increases the level of the ground two feet above the bottom of the foundation.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 280.*]

Appeal from Queens County Court.

Action by Louis Villhauer against Paul Gross.   From a judgment for plaintiff, defendant appeals.   Reversed, and new trial ordered.

See, also, 120 N. Y. Supp. 915.

Argued before HIRSCHBERG, P. J., and BURR, THOMAS, RICH, and CARR, JJ.

Paul Gross (Herman R. Elias, on the brief), for appellant.
Constantine T. Timonier, for respondent.

PER CURIAM.   This is an appeal from a judgment in favor of the plaintiff, in an action brought in the County Court of Queens county to foreclose a mechanic's lien.   The court found for the plaintiff in the sum of $525.75, with costs and disbursements.   By the stipulation of counsel, submitted with the record on appeal, the amount found due was reduced to $478.

The controversy between the parties was as to whether the plaintiff had fully or substantially performed his building contract.   The com-

plaint alleges both complete and substantial performance, and contains an allegation that, if there were any deviations or defects in the performance of the contract, they were waived by the defendant. A careful examination of the testimony shows that the contract was not completely performed, but that, on the contrary, there were many and somewhat important failures to perform. The learned trial court found that the contract had been completely performed, and then in the same set of findings found that it had been substantially performed. There can be no question whatever that the contract had not been completely performed. These findings are inconsistent on their face.

The court's finding that it had been substantially performed is not sufficient in form, as there is no finding as to the items omitted from the performance, or the circumstances of the omission, or their value. There is, therefore, nothing to show whether these items were so minor, as compared with the entire contract, as not to defeat a claim of substantial performance; nor can we tell from the findings which of the many items in dispute were considered as not performed, or what amount was allowed for the respective items for nonperformance found by the court. Some of the items in dispute were admitted by the plaintiff, and proof was given by the defendant as to the value of the other items. An arithmetical computation shows that the court must have necessarily made some allowance for nonperformed items; but this allowance does not equal the amounts proved by the defendant.

There was a very substantial item in which the plaintiff did not perform. His contract required him to put a foundation wall under the building four feet below the ground. The grade was sloping, being higher in the front than in the rear. It was conceded on the trial that the foundation in the rear was placed upon the surface of the ground, and that some filling was subsequently made by the plaintiff, which increased the level of the ground two feet above the bottom of the foundation. The defendant was entitled to have the foundation four feet below the surface, in order to protect it from the frost, etc.

The judgment should be reversed, and a new trial ordered; costs to abide the event.